UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demario Jaquon Baker, #18155-171, | ) C/A No. 5:14-1006-BHH-KDW |
|                        Petitioner, | )<br>)<br>) Report and Recommendation |
| vs. | )<br>) |
| Warden, FCI Williamsburg, | )<br>) |
|                        Respondent. | )<br>) |

On March 17, 2014, Petitioner Demario Jaquon Baker ("Petitioner"), filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1-2; *see Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for a Report and Recommendation on Respondent's Motion to Dismiss, filed on July 15, 2014. ECF No. 30. On July 16, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 31. On November 5, 2014, Petitioner filed his Response in opposition to Respondent's Motion. ECF No. 48. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion to Dismiss, ECF No. 30, be granted.

I.     Factual and Procedural Background

Petitioner is presently confined in Federal Correctional Institution ("FCI") Gilmer in Glenville, West Virginia; however, at the time he filed his Petition in this case, he was confined at FCI-Williamsburg in Salters, South Carolina. ECF No. 1. On June 10, 2010, Petitioner entered

a guilty plea in this court to one count (unlawful transport of firearms) of a four-count indictment in *United States v. Baker*, Crim. No. 4:09-cr-855-TLW. ECF No. 214.[1] Pursuant to his plea agreement, ECF No. 209, Petitioner was sentenced to 180-months (fifteen years) imprisonment. ECF No. 278. Before entering the plea agreement, Petitioner was facing trial on the firearm charge to which he pleaded guilty and three additional counts: conspiracy to distribute narcotics, interference with commerce by threat or violence, and use of a firearm during drug trafficking crimes. ECF No. 20 (indictment).[2]

Under the terms of Petitioner's plea agreement, the parties agreed that "a specific sentence of fifteen (15) years is the appropriate disposition of this case." ECF No. 209 at 6. The Government agreed to move the court for a reduction in Petitioner's sentence if he provided "substantial assistance in the investigation or prosecution of another person who . . . committed an offense . . . ." *Id*. In his plea agreement, Petitioner acknowledged his rights to appeal or otherwise contest his conviction and sentence, but "in exchange for the concessions made by the Government . . . ," he agreed to "waive[] the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255." *Id*. at 7. The agreement excepted "claims of ineffective assistance or counsel or prosecutorial misconduct" from the waiver. *Id*. Petitioner's 180-month (fifteen-year) sentence was subsequently reduced to 132-months (eleven years) imprisonment on the Government's Rule 35(b) motion. ECF No. 400. Despite the agreed-to waiver in his plea agreement, Petitioner

---

[1] These ECF references are to documents on file in Petitioner's criminal case: *United States v. Baker*, Crim. No. 4:09-cr-855-TLW.

[2] According to the Government, if Petitioner were convicted of the then-pending drug-distribution charge, he was facing a potential statutory mandatory-minimum sentence of life in prison because of his criminal history, which included two prior felony drug-distribution convictions. ECF No. 30-1 at 4. Petitioner does not dispute this information.

submitted a Motion to Vacate pursuant to 28 U.S.C. § 2255, contending that his reduced sentence was excessive because he was wrongly found to be a career offender. ECF No. 404. The Motion was dismissed as untimely. ECF Nos. 449, 450. Before submitting this § 2241 Petition to this court, Petitioner requested authorization from the Fourth Circuit Court of the Appeals to file a second § 2255 motion, but authorization was denied. *In re Baker*, No. 14-151 (4th Cir. Mar. 10, 2014) (order denying authorization to file successive habeas application).

II.     Discussion

       A.     Federal Habeas Issues

As previously noted, Petitioner filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on March 17, 2014, and raises the following issues, quoted verbatim:

> Ground One: . . . SOUTH CAROLINA ABHAN[3] CONVICTION NO LONGER QUALIFIES UNDER ACCA AND PETITIONER IS ACTUALLY INNOCENT OF BEING AN ARMED CAREER CRIMINAL.
>
> Ground Two: . . .THE FOURTH CIRCUIT RECENTLY DETERMINED UNDER UNITED STATES V HEMINGWAY THAT SOUTH CAROLINA "ABHAN" CONVICTIONS ARE NOT CRIMES OF VIOLENCE FOR ARMED CAREER ENHANCEMENT PURPOSES. SEE 2013 BL 302970 (4th Cir 2013).[4]
>
> Ground Three: . . . BAKERS CONVICTION AND SENTENCE CURRENTLY EXCEEDS THE STATUTORY MAXIMUM PRESCRIBED UNDER THE LAW AND THEREFORE IS IN VIOLATION OF LAW, STATUTES, TREATIES AND CONSTITUTION OF THE UNITED STATES.
>
> Ground Four: . . . Because Mr. Bakers ABHAN conviction does not qualify to enhance him beyond the statutory maximum under 922(g)(1), his current sentence is illegal and exceeds the statutory maximum prescribed under the law of ten years[.]

---

[3] "ABHAN" is an abbreviation for Assault and Battery of a High and Aggravated Nature.
[4] The proper citation is *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013).

3

ECF No. 1 at 6-7.[5] Petitioner does not include a request for relief in his Petition; however, in his memorandum in support of the Petition, he requests "that he be resentenced . . . in accordance with law." ECF No. 1-1 at 9.

    B.    Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

    C.    Analysis

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." *Swain v. Pressley*, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." *See In re Vial*, 115 F.3d 1192, 1194 n.5

---

[5] This ECF reference is to the § 2241 Petition in the case now under consideration: *Baker v. Warden*, C/A No. 5:14-1006-BHH-KDW.

(4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate or ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Respondent moves to dismiss the Petition in this case, arguing that this court should not address Petitioner's contentions because he knowingly and intelligently waived his right to challenge the sentence he received under his plea agreement in return for substantial concessions by the Government. ECF No. 30-1 at 4. Alternatively, Respondent contends that Petitioner's grounds for relief are procedurally barred because Petitioner did not raise them in a direct appeal and he cannot show cause for the default, actual prejudice from it, or that he has suffered a miscarriage of justice due to his actual innocence of the conduct for which he was convicted. *Id*. at 4-5. Respondent also contends that the Petition should be dismissed because Petitioner cannot show that a § 2255 motion is "inadequate or ineffective" to test his confinement because he is challenging a sentence and not the manner of execution of that sentence. *Id*. at 5. Also, Respondent contends that § 2255 savings clause and the related *In re Jones* test do not apply to claims of actual innocence of an enhanced sentence "as opposed to [claims of] actual innocence of the underlying criminal conviction." *Id*. at 6-7. Respondent further contends that, even if Petitioner's previous South Carolina ABHAN convictions are not considered, his remaining criminal history supports enhanced sentencing under 18 U.S.C. § 924(c). *Id*. at 8. Finally,

Respondent contends that Petitioner has not shown any reason for this court to vacate the stipulated, now-reduced sentence that he received in exchange for his contractual agreement. *Id*. at 9.

Petitioner contends that he is entitled to further reduction of his sentence because the ABHAN prior conviction that the Government relied on for the enhanced sentence he received is now longer considered a violent felony in light of *United States v. Hemingway*. ECF No. 48 at 1. Petitioner also contends that none of the three prior convictions that the Government now claims would support his enhanced sentence (third-degree burglary, possession with intent to distribute crack cocaine, and distribution of crack cocaine) qualifies as a "violent" crime because each conviction was classified as "non-violent" by the State of South Carolina. *Id*. at 2. Petitioner does not respond to Respondent's contentions regarding his contractual obligation not to challenge the sentence he received under his plea agreement.

The undersigned finds that Petitioner is contractually precluded from asserting his current challenge to his now-reduced sentence; therefore, the Petition in this case should be dismissed. A criminal defendant may waive his right to challenge his conviction or sentence in post-conviction proceedings as long as the waiver is both knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005), *see also Moore v. United States*, No. 4:10-cr-00762-TLW, 2013 WL 5819276, at *3 (D.S.C. Oct. 29, 2013) (citing *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005)). The voluntary and intelligent character of a plea agreement is evidenced by the fact that the plea agreement was favorable to the defendant and accepting it was a reasonable decision. *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Also, "[t]he Fourth Circuit has consistently held that '[a] sentence imposed pursuant to a Rule

11(c)(1)(C) plea agreement is contractual and not based upon the guidelines.'" *Myers v. United States*, No. 4:06-1317-TLW, 2012 WL 1570134, at *3 (D.S.C. May 2, 2012) (citing *United States v. Febrez*, 391 F. App'x 329 (4th Cir. 2010); *United States v. Bethea*, 369 F. App'x 485, 486 (4th Cir. 2010); *United States v. Dials*, 368 F. App'x 347, 349 (4th Cir. 2010)); *see also United States v. Bloodworth*, No. 4:06-cr-00337-TLW, 2013 WL 6780576, at *8 (D.S.C. Dec. 18, 2013). Moreover, a litigant's failure to respond to a specific point proposed by his opponent as a basis for summary judgment amounts to a concession to the opponent's position on that point. *See Petrucelli v. Dep't of Justice*, No. 11-1780 (RBW), 2014 WL 2919285, at *7 (D.D.C. June 27, 2014 (prisoner case; citing *Maydak v. DOJ*, 579 F. Supp. 2d 105, 107) (D.D.C. 2008); *see also Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument.").

In this case, Petitioner, who was represented by legal counsel and facing a mandatory-minimum life sentence should he be convicted on one of his then-pending charges, specifically agreed in writing to a fifteen-year sentence that would possibly be reduced if he provided substantial assistance to prosecutors in other cases. He also agreed that he would not challenge the sentence through direct appeal, habeas corpus, or otherwise. The Government agreed not to seek a conviction that carried a life sentence and to move for sentence reduction for substantial assistance, this court entered the agreed-to sentence, and the sentence was subsequently reduced on the Government's motion pursuant to the plea agreement. As such, Petitioner clearly obtained substantial benefits from his plea agreement and the Government performed its obligations under the agreement. The agreement was a reasonable one and Petitioner makes no argument in this case that he did not enter it knowingly and voluntarily. Accordingly, Petitioner waived his right

to challenge his sentence or the voluntariness of his plea agreement, and this court should not entertain his § 2241 Petition on the merits.

Alternatively, should the District Court determine that Petitioner is not bound by his plea agreement or by his failure to address the issue as raised by Respondent, the Petition should be dismissed on the merits because Petitioner challenges only the underlying validity of his sentence and not the manner of its execution, and he does not contend that he is actually innocent of his conviction for transporting firearms. *United States v. Hemingway* not been held to be applicable retroactively to cases such as Petitioner's that became final prior to the date of the decision, *see Thompson v. United States*, No. 7:14-cv-02881-GRA, 2014 WL 3809538, at *2 n.3 (D.S.C. July 30, 2014), and neither this court nor the Fourth Circuit Court of Appeals has held that prisoners may challenge the validity of their enhanced sentences through § 2241 petitions. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Holman v. Thomas*, No. 1:14-cv-2554-RBH, 2014 WL 6809748, at *4 (D.S.C. Dec. 3, 2014).

III.     Conclusion

For the reasons discussed above, it is recommended that Respondent's Motion to Dismiss, ECF No. 30, be granted and the Petition dismissed.

IT IS SO RECOMMENDED.

December 17, 2014                                             Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).